UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIDGETTE KNOWER,

Plaintiff,

-against-

MOUNT SINAI HEALTH SYSTEMS, INC., ET AL.,

Defendants.

24 Civ. 06081 (GHW)

**CONFIDENTIALITY**
**STIPULATION AND ORDER**

WHEREAS, Plaintiff and Defendants St. Luke's-Roosevelt Hospital Center d/b/a Mount Sinai Morningside (named herein as "Mount Sinai Health Systems, Inc.") and Anna Bruce-Vanderpuije (collectively “Defendants”) (collectively the “parties") are presently engaged in discovery; and

WHEREAS, some information sought by the parties or contained in documents sought by the parties is considered to be of a confidential and/or proprietary nature; and

WHEREAS, the purpose of this Stipulation is to permit the parties’ counsel to discover such information and documents pursuant to procedures that are designed to protect the confidentiality of that material; and

WHEREAS, the parties understand and acknowledge that the procedures agreed to in this Stipulation will not govern the manner in which confidential information (as defined below) is to be used at any trial or hearing in this case, or any submission to the Court in this case, and that the party seeking to limit the use of confidential information in such circumstances shall apply to the Court for an order setting forth the confidentiality procedures to be followed in such circumstances;

IT IS HEREBY STIPULATED as follows:

1. “Confidential information” as used herein means any type or classification of information which is designated as “confidential” by the counsel for the parties, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information. The parties and their counsel shall designate as “confidential” only information (i) which is not publicly available and (ii) which is produced by the designating party in discovery in this action.

2. Information designated as “confidential information” (a) shall be used by the parties only for the purpose of this litigation and not used for any other purposes whatsoever and (b) shall not be disclosed, given, shown, discussed, or otherwise communicated or made available by the parties to anyone except as provided herein.

3. In accordance with the provisions of paragraph 4 below, confidential information may be disclosed only to “qualified persons.” “Qualified persons” means (a) counsel of record, and any attorney, legal assistant, secretary, or clerk employed by counsel of record who has been assigned to this litigation; (b) any expert employed, retained or consulted by the parties or counsel for the parties solely for the purpose of assisting such counsel in the preparation of this action for trial; (c) the parties (and any corporate successor or affiliate), including those of The Mount Sinai Health System, Inc.'s current or former employees to whom counsel for Defendants believe it necessary to disclose the information in connection with their defenses in the litigation; and (d) any judge who may assume jurisdiction in this action and any attorney, legal assistant, secretary, or clerk employed in the chambers of such judge. The foregoing definition of

"qualified persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons.

4. Any information, whether oral or written, designated confidential may be disclosed only to qualified persons who, prior to such disclosure, shall have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the parties may sign this Stipulation on behalf of the party they represent and those qualified persons who are members of or employed by their respective firms and (ii) confidential information may be disclosed to those qualified persons described in paragraph 3(d) immediately upon execution of this Stipulation without further action on their part. By signing Exhibit A, each qualified person agrees that he or she shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit A shall be retained by the counsel for the party that requested the qualified person's endorsement.

5. Each qualified person shall maintain all confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another qualified person, and shall not use the confidential information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

6. Prior to any disclosure of confidential information to a qualified person within the category described in paragraph 3(b), counsel for the receiving party shall notify counsel for the designating party as to the identity of such qualified person, and promptly thereafter shall provide counsel for the designating party with a copy of Exhibit A as executed by such qualified

person except as otherwise provided herein. Counsel for the receiving party shall not be obligated to notify counsel for the designating party as to the identity of a qualified person within the category described in paragraph 3(b) who has not been retained by the receiving party as a trial witness ("non-trial expert") and shall not be obligated to provide counsel for the designating party with a copy of Exhibit A as executed by such non-trial expert until a final, unappealed verdict or judgment or a stipulation of dismissal is entered in this case; provided, however, that counsel for the receiving party shall provide counsel for the designating party with executed copies of Exhibit A for all non-trial experts in the event the designating party alleges in writing a good faith basis for a belief that confidential information has been disclosed by qualified persons to whom the receiving party has provided confidential information.

7. Nothing herein shall limit any party's ability to introduce into evidence, quote from, or describe confidential information in any proceeding conducted in or by the Court or in any pleadings, motions or other papers filed with the Court. However, any party may apply to the Court for an order setting forth procedures, like these or otherwise, to protect confidential information.

8. In the event that a party objects to the designation of certain information as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, a party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Stipulation.

9. The disclosure by any party of a document or information to a qualified person without designating it as confidential information shall not constitute a waiver of that party's right to designate such document or information as confidential information and, if so

designated, the document or information shall thereafter be treated as confidential information subject to all the terms of this Stipulation.

10. Nothing in this Stipulation shall prejudice any party from seeking from the Court any modification of this Stipulation, provided such party has first attempted in good faith to secure the consent of the designating party to such modification.

11. At the conclusion of this action, each party shall certify in writing to the other that all documentary material embodying information designated by the other as confidential, including all copies of or excerpts from summaries of such documentary material that may have been made, has been destroyed by the receiving party or returned to the designating party.

12. This Stipulation shall be binding on all qualified persons (other than those described in paragraph 3(d)) and all other persons having knowledge of its terms. It is enforceable by any remedy deemed appropriate by the Court.

13. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: New York, New York
January 2, 2025

AKERMAN LLP

By: *Brittany Buccellato*
Rory J. McEvoy, Esq.
Brittany A. Buccellato, Esq.
Attorneys for Defendants
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
212.880.3600
rory.mcevoy@akerman.com
brittany.buccellato@akerman.com

BRUSTEIN LAW PLLC

By:___/s/ Evan Brustein______________
Evan Brustein, Esq.
Attorneys for Plaintiff
299 Broadway, 17th Floor
New York, New York 10007
212.233.3900
evan@brusteinlaw.com

SO ORDERED.

_______________________________
Gregory H. Woods, U.S.D.J.

EXHIBIT "A"

AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation, dated December__, 2024, in the action entitled Bridgette Knower v. Mount Sinai Health Systems, Inc., et al., 24 Civ. 06081 (GHW), understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court, Southern District of New York with respect to any controversy arising out of an alleged violation of the Stipulation.

____________________
Date

______________________________________
Signature

______________________________________
Name Printed

______________________________________
______________________________________
______________________________________
Business Address
(including Name of Employer, if any)